# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY MARTIN HEFFINGTON,<br><br>                   Petitioner,<br><br>          v.<br><br>FEDERAL BUREAU OF PRISONS,<br><br>                   Respondent. | Case No. 1:15-cv-01818-SAB-HC<br><br>ORDER DIRECTING CLERK OF COURT TO CATEGORIZE PETITION AS § 2255 MOTION |

      Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

      On June 4, 2015, Petitioner filed the instant petition in the United States District Court for the Eastern District of California, challenging the mandatory life sentence imposed by the Court pursuant to 21 U.S.C. § 841(b)(1)(A) for (1) conspiracy to distribute and possess with intent to distribute approximately five pounds of methamphetamine and (2) possession of methamphetamine with intent to distribute. As the two prior felony drug convictions that mandated Petitioner's enhanced sentence were reduced to misdemeanors on April 6, 2015, and May 18, 2015, by the Santa Clara County Superior Court pursuant to California Penal Code § 1170.18 ("Proposition 47"), Petitioner contends that his life sentence should be vacated. Construing the petition as a challenge to a conviction from the San Bernardino County Superior Court rather than the federal sentence, the Court transferred the petition to the Central District of California on June 8, 2015. (ECF No. 3).

      Both Petitioner and Respondent agree that the instant petition challenges the mandatory life sentence imposed by the United States District Court for the Eastern District of California.

(ECF No. 10 at 4; ECF No. 12 at 1). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006), *cert. denied*, 549 U.S. 1313 (2007) (citations omitted). Nevertheless, a "savings clause" or "escape hatch" exists in § 2255(e) by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." Alaimalo v. United States, 645 F.3d 1042, 1047 (9th Cir. 2011) (quoting 28 U.S.C. § 2255); Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000). Petitioners may proceed under § 2241 pursuant to the savings clause when the petitioner "(1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." Stephens, 464 F.3d at 898 (citing Ivy v. Pontesso, 328 F.3d 1057, 1060 (9th Cir. 2003) (as amended)).

On December 3, 2015, the United States District Court for the Central District of California found that Petitioner did not present a cognizable claim of actual innocence for the purposes of qualifying to bring a § 2241 petition under the savings clause and transferred the action back to the Eastern District of California. (ECF No. 14). As Petitioner's claim is a challenge to the legality of his federal sentence, the instant petition should be categorized as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

Accordingly, the Clerk of Court is DIRECTED to categorize this petition as a § 2255 motion in United States v. Ray Martin Heffington, Case No. 1:93-cr-05021-LJO-1.

IT IS SO ORDERED.

Dated:   **December 10, 2015**

UNITED STATES MAGISTRATE JUDGE